UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DORIAN MORTON, *Pro Se*, | Case No.: 1: 17 CV 2671 |
| Plaintiff | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| GRAFTON CORRECTIONAL INSTITUTION STAFF, | |
| | MEMORANDUM OF OPINION |
| Defendant | AND ORDER |

*Pro Se* Plaintiff Dorian Morton, a prisoner incarcerated in the Grafton Correctional Institution ("GCI"), has filed this civil rights action against "Grafton Correctional Institution Staff." (Doc. No. 1.) Liberally construed, his Complaint alleges that he was unfairly treated and disciplined on the basis of his race, and subjected to conditions in segregation at GCI violating the Constitution. He also indicates he wishes to assert a claim for medical malpractice.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required to review all complaints in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). A complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Id*. at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §1915A). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although detailed allegations are not required, to state a valid claim under § 1983, a plaintiff must allege that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not sufficient. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Plaintiff's allegations against "Grafton Correctional Institution Staff" are too vague and conclusory to state plausible claims. Accordingly, the Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915A. This dismissal is without prejudice, however, to the Plaintiff's filing a new complaint identifying the individual member or members of GCI staff who he contends engaged in unconstitutional conduct, and the alleged conduct in which each engaged, so that a determination can be made as to whether he has any plausible claims. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 10, 2018